# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **CHEMOIL CORPORATION,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | **CIVIL ACTION NO.: 6:20-cv-00828** |
| **PROFUEL, LLC,** | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Chemoil Corporation ("Chemoil") files this Original Complaint for patent infringement and injunctive relief against Defendant Profuel, LLC ("Profuel"). In support thereof, Chemoil respectfully alleges as follows:

## PARTIES

1. Chemoil is a corporation existing under the laws of California with its principal place of business at 4 E. Sheridan Avenue, Suite 400, Oklahoma City, Oklahoma 73104.

2. Upon information and belief, Profuel is Texas limited liability company with its principal place of business at 300 Throckmorton, Suite 670, Fort Worth, Texas 76102, a corporate address at P.O. Box 816, Gainesville, Texas 76241, and an established place of business 17500 West I-20, Odessa, TX 79763.

3. Upon information and belief, and as illustrated in the image below, Profuel has an installation of its system at a Total Sand Solution ("TSS") facility located at 17500 West I-20, Odessa, TX 79763.

1



4. Upon information and belief Profuel subleases its regular and established place of business at this TSS facility and has employees and contractors on site.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

6. This Court has personal jurisdiction over Profuel because it is a resident of Texas and has been doing business in the state of Texas in a continuous and systematic way as to render it at home in Texas.

2

7. Venue is proper pursuant to 28 U.S.C. § 1400(b) because Profuel has committed acts of infringement and has a regular and established place of business in this District.

## FACTUAL BACKGROUND

**A.     Chemoil**

8. Chemoil is a wholly-owned indirect subsidiary of Glencore plc, one of the world's largest physical marketers for commodities, including energy products, metals and minerals, and agricultural products.

9. Chemoil is a leading provider of fuel services for use in energy exploration applications, such as fracking with operations throughout Texas, and specifically in this District.

10. Through years of research and development, Chemoil has developed an extensive background of technology in the field of on-site hydrostatic/gravity-based refueling systems and owns or licenses a portfolio of patents.

11. Through the development and application of this technology, Chemoil has enabled efficient, low-maintenance fueling and refueling operations on location for energy exploration companies.

**B.     Profuel**

12. On information and belief, and based on the image below, Profuel has been and continues to provide hydrostatic/gravity-based refueling systems throughout Texas, including in this Western District of Texas, as well as Oklahoma and New Mexico.



https://www.profuelllc.com/about-us.

13. On information and belief, Profuel employs personnel in this judicial district. By way of example, Profuel employee Jesse Casarez resides in Austin, Texas (in this judicial district) and lists his occupation as "Frac Fuel Site Driver" in Midland, Texas (also in this judicial district). *See* https://www.linkedin.com/in/jesse-casarez-5a7a5ab7/.



14. On information and belief, Profuel, until recently, also employed Delma Baiza as an operations/office manager in this judicial district (West Texas). Ms. Baiza lives in Fort Stockton, Texas, also in this judicial district. *See* https://www.linkedin.com/in/delma-baiza-07a3b1153/.



C.     **Profuel is Infringing Chemoil's '403 and '491 Patents ("Chemoil Patents")**

15.    On March 31, 2020, the United States Patent and Trademark Office duly and legally issued United States Patent No. 10,604,403 ("the '403 Patent"), titled "Method and Apparatus for Multi-Line Fuel Delivery." Gravity Fuel Systems, LLC is the owner of the '403 Patent.

16.    Chemoil is the exclusive licensee to the '403 Patent and holds all right, title, and interest in and to the '403 Patent, including the right to prevent infringement of and seek and obtain any and all damages and other remedies for infringement of the '403 Patent (a copy of which is attached as Exhibit A).

17.    The '403 Patent is valid and enforceable.

18. On August 25, 2020, the United States Patent and Trademark Office duly and legally issued United States Patent No. 10,752,491 ("the '491 Patent"), titled "Method and Apparatus for Multi-Line Fuel Delivery." Gravity Fuel Systems, LLC is the owner of the '491 Patent.

19. Chemoil is the exclusive licensee to the '491 Patent and holds all right, title, and interest in and to the '491 Patent, including the right to prevent infringement of and seek and obtain any and all damages and other remedies for infringement of the '491 Patent (a copy of which is attached as Exhibit B).

20. The '491 Patent is valid and enforceable.

21. Upon information and belief, Profuel makes, uses, licenses, sells, offers for sale, or imports in the United States and in this judicial district, the Profuel Hydrostatic Refueling System (hereinafter "the Profuel system"), that infringes the foregoing patents. *See*, https://www.profuelllc.com/profuel-system (a copy of which is attached as Exhibit C).

## CAUSES OF ACTION

### Count I – Patent Infringement

### ('403 Patent)

22. Chemoil incorporates by reference each of the preceding paragraphs of the Complaint as though fully set forth herein.

23. Claim 1 of the '403 Patent recites: "[a]n apparatus for refueling at least one internal combustion engine, comprising: a) a bulk storage tank containing fuel, wherein said bulk storage tank is adapted to be raised to a higher elevation than an inlet of a fuel tank of said at least one internal combustion engine; b) a conduit having a first end and a second end, wherein said first

end is in fluid communication with said bulk storage tank and said second end is attached to said inlet of said fuel tank of said at least one internal combustion engine; c) a float valve assembly operationally attached to said second end of said conduit and disposed in said fuel tank of said at least one internal combustion engine, wherein said float valve assembly is adapted to permit fuel to gravity feed from said bulk storage tank into said fuel tank through said conduit, but to block fuel flow from said conduit into said fuel tank when fuel in said fuel tank reaches a predetermined level, d) wherein said float valve assembly further comprises: 1) a sleeve member having a top, a fluid inlet, a length, an inner chamber and a bottom having an opening extending into said inner chamber; 2) a seat member defining an opening, wherein said seat member is disposed in said sleeve member between said fluid inlet and said inner chamber; 3) a ball disposed on said seat member to create a fluid pressure seal; 4) a substantially buoyant float member slidably disposed in said inner chamber; and 5) a linkage assembly disposed between said float member and said seat member, wherein said linkage assembly lifts said ball from said seat and breaks said fluid pressure seal when said float member reaches a predetermined position along the length of said sleeve member.

24.  According to Profuel's website, the Profuel system and products refuel pressure pumping units and other equipment.  *See* https://www.profuelllc.com/ (a copy of which is attached as Exhibit D).



25. According to Profuel's website, the Profuel system includes a silo system that stores fuel at an elevation higher than the inlet of a fuel tank of equipment. *See* Exhibit C.

26. The Profuel system includes a conduit in fluid communication with the silo and the fuel of equipment. *See* Exhibit C.

27. Upon information and belief, and in accordance with Profuel's website, the Profuel system has a float valve assembly in a fuel tank and operationally attached to one end of the conduit.

https://www.profuelllc.com/safety (a copy of which is attached as Exhibit E).

28. According to Profuel's website, the Profuel system does not use pumps to move fuel to the internal combustion engines of customer equipment. *See* Exhibit E.

29. On information and belief, and as illustrated in the image below (a copy of which

9

is attached as Exhibit F), the Profuel system utilizes a float valve assembly a sleeve member having a top, a fluid inlet, a length, an inner chamber and a bottom having an opening extending into said inner chamber.



30.     On information and belief, the float valve in the Profuel system has a seat member defining an opening, wherein said seat member is disposed in said sleeve member between said fluid inlet and said inner chamber.  *See* Exhibit F.

31.     On information and belief, the float valve in the Profuel system has a ball disposed on said seat member to create a fluid pressure seal.  *See* Exhibit F and image below (a copy of which is attached as Exhibit G).

10



32.     On information and belief, the float valve in the Profuel system has a buoyant float member slidably disposed in said inner chamber. *See* Exhibit G.

33.     On information and belief, the float valve in the Profuel system has a linkage assembly disposed between said float member and said seat member, wherein said linkage assembly lifts said ball from said seat and breaks said fluid pressure seal when said float member reaches a predetermined position along the length of said sleeve member. *See* Exhibit G.

34.     Chemoil has never granted permission or license to Profuel to utilize the inventions set forth in the '403 Patent.

35.     Profuel has been and is now directly infringing, either literally or under the doctrine

of equivalents, the '403 Patent in the United States by, among other things, making, using, licensing, selling, offering for sale, or importing the Profuel system covered by one or more claims of the '403 Patent, all to the injury of Chemoil.

36.     Upon information and belief, pursuant to 35 U.S.C. § 271(b), Profuel has knowingly induced its customers to directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '403 Patent by selling, offering for sale, providing, maintaining, and/or licensing the Profuel system with the intent that those customers use the Profuel system in the United States.

37.     Upon information and belief, pursuant to 35 U.S.C. § 271(c), Profuel has also knowingly contributed to the direct infringement, either literally or under the doctrine of equivalents, of at least claim 1 of the '403 Patent by importing, selling, offering to sell, maintaining, licensing, and/or otherwise supplying the Profuel system to customers, which has no substantial non-infringing use, is especially designed for use in the patented invention, and constitutes a material part of the patented invention.

38.     At least as early as its receipt of Chemoil's Original Complaint, Profuel has had knowledge of the '403 Patent, has had written notice of its infringement, has intended that its customers infringe the '403 Patent by their use of the Profuel system, has actively induced such infringement by continuing to sell, offer for sale, provide, maintain, and/or license the Profuel system to its customers in the United States. Despite such knowledge, Profuel continues to infringe the '403 Patent.

39.     Profuel's acts of infringement have been willful, deliberate, and in reckless disregard of Chemoil's patent rights and will continue unless permanently enjoined by this Court.

40.     Chemoil has been damaged by Profuel's infringement of the '403 Patent in an

amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Profuel is permanently enjoined from infringing the '403 Patent.

## **Count II – Patent Infringement**

### **('491 Patent)**

41. Chemoil incorporates by reference each of the preceding paragraphs of the Complaint as though fully set forth herein.

42. Claim 1 of the '491 Patent recites a float valve assembly, comprising: a) a sleeve member having a top, a fluid inlet, a length, an inner chamber, and a bottom having an opening extending into said inner chamber; b) a seat member defining an opening, wherein said seat member is disposed in said sleeve member between said fluid inlet and said inner chamber; c) a ball disposed on said seat member to create a fluid pressure seal that prevents fluid flow; d) a float member slidably disposed in said inner chamber; and e) a linkage assembly disposed between said float member and said seat member, wherein said linkage assembly is configured to lift said ball from said seat and remove said fluid pressure seal when said float member reaches a predetermined position along the length of said sleeve member in response to a liquid reaching a predetermined level in a container, wherein the linkage assembly comprises:  i) a linkage roller operationally attached to said float member; ii) a first linkage arm pivotally attached to a float arm by a first dual hinge link; and iii) a ball lifting arm pivotally attached to the float arm by a second dual hinge link and having a ball lifting cam member disposed at a distal end, the ball lifting cam member configured to contact the ball when said float member reaches the predetermined position along the length of said sleeve member.

43. On information and belief, the Profuel system utilizes a float valve assembly a sleeve member having a top, a fluid inlet, a length, an inner chamber and a bottom having an

opening extending into said inner chamber. *See* Exhibits E and F.

44. On information and belief, the float valve in the Profuel system has a seat member defining an opening, wherein said seat member is disposed in said sleeve member between said fluid inlet and said inner chamber. *See* Exhibit F.

45. On information and belief, the float valve in the Profuel system has a ball disposed on said seat member to create a fluid pressure seal. *See* Exhibits F and G.

46. On information and belief, the float valve in the Profuel system has a buoyant float member slidably disposed in said inner chamber. *See* Exhibit G.

47. On information and belief, the float valve in the Profuel system has a linkage assembly having a linkage roller operationally attached to the float member, wherein the linkage assembly has a first linkage arm pivotally attached to a float arm by a dual hinge link, and a ball lifting arm that is pivotally attached to the float arm by a second dual hinge link. *See* Exhibit G.

48. On information and belief, the ball lifting arm having a ball lifting cam member disposed at a distal end, the ball lifting cam member configured to contact the ball when said float member reaches the predetermined position along the length of said sleeve member. *See* Exhibit G.

49. Chemoil has never granted permission or license to Profuel to utilize the inventions set forth in the '491 Patent.

50. Profuel has been and is now directly infringing, either literally or under the doctrine of equivalents, the '491 Patent in the United States by, among other things, making, using, licensing, selling, offering for sale, or importing the Profuel system covered by one or more claims of the '491 Patent, all to the injury of Chemoil.

51. Upon information and belief, pursuant to 35 U.S.C. § 271(b), Profuel has

knowingly induced its customers to directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '491 Patent by selling, offering for sale, providing, maintaining, and/or licensing the Profuel system with the intent that those customers use the Profuel system in the United States.

52. Upon information and belief, pursuant to 35 U.S.C. § 271(c), Profuel has also knowingly contributed to the direct infringement, either literally or under the doctrine of equivalents, of at least claim 1 of the '491 Patent by importing, selling, offering to sell, maintaining, licensing, and/or otherwise supplying the Profuel system to customers, which has no substantial non-infringing use, is especially designed for use in the patented invention, and constitutes a material part of the patented invention.

53. At least as early as its receipt of Chemoil's Original Complaint, Profuel has had knowledge of the '491 Patent, has had written notice of its infringement, has intended that its customers infringe the '491 Patent by their use of the Profuel system, has actively induced such infringement by continuing to sell, offer for sale, provide, maintain, and/or license the Profuel system to its customers in the United States.  Despite such knowledge, Profuel continues to infringe the '491 Patent.

54. Profuel's acts of infringement have been willful, deliberate, and in reckless disregard of Chemoil's patent rights and will continue unless permanently enjoined by this Court.

55. Chemoil has been damaged by Profuel's infringement of the '491 Patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Profuel is permanently enjoined from infringing the '491 Patent.

## REQUEST FOR INJUNCTIVE RELIEF

56. Chemoil incorporates by reference each of the preceding paragraphs of the Complaint as though fully set forth herein

57. To preserve the status quo until trial in this cause, Chemoil requests the Court to enjoin and restrain Profuel, and its agents, servants, employees and all persons acting under, and in concert with, or for Profuel from: (i) infringing Chemoil's Patents; (ii) selling the Profuel system in the United States; and (iii) operating the Profuel system in the United States. Unless Profuel is enjoined from engaging in additional misconduct, Chemoil will be irreparably harmed. Such misconduct has resulted in loss already, which is unascertainable at this point in time, and will result in future economic loss.

58. Chemoil has no adequate remedy at law for Profuel's misconduct, as money damages are not adequate to compensate for the ongoing harm caused by its misconduct.

59. Chemoil has a clear legal right to the requested relief.

60. The public interest favors entry of an injunction to uphold the importance of patent protection and to protect the legitimate business interests of patent owners.

## DEMAND FOR JURY TRIAL

Chemoil demands a trial by jury of any and all issues triable before a jury.

## REQUEST FOR RELIEF

Pursuant to the allegations and claims asserted herein, Chemoil requests the following:

A. That the Court enter judgment in favor of Chemoil that Profuel has infringed, directly and by way of inducing infringement and/or contributing to infringement of Chemoil's '403 and '491 Patents.

B. That the Court enter a permanent injunction, enjoining Profuel and its officers, directors, agents, servants, employees, affiliates, divisions, subsidiaries, and

parents from infringing, inducing the infringement of, or contributing to the infringement of Chemoil's '403 and '491 Patents.

C. That the Court enter a judgment and order requiring Profuel to pay Chemoil damages for Profuel's infringement of the '403 and '491 Patents, together with interest (both pre and post-judgment), costs, and disbursement as fixed by this Court under 35 U.S.C. § 284.

D. That the Court enter a judgment and order finding Profuel's infringement willful and awarding treble the amount of damages and losses sustained by Chemoil as a result of Profuel's infringement under 35 U.S.C. § 284.

E. That the Court enter a judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Chemoil its reasonable attorney's fees.

F. Pre- and post-judgment interest at the highest rate allowable by law;

G. Costs of court; and

H. All such further and additional relief to which Chemoil may be entitled.

Dated:  September 10, 2020

**BRACEWELL LLP**

/s/ *Michael Chibib*
Michael Chibib
Texas Bar No. 00793497
michael.chibib@bracewell.com
Conor M. Civins
Texas Bar No. 24040693
conor.civins@bracewell.com
Matthew Gates
Texas Bar No. 24069770
matt.gates@bracewell.com
111 Congress Ave., Suite 2300
Austin, Texas 78701
Telephone: (512) 494-3635

*Counsel for Plaintiff Chemoil Corporation*